TILL, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Appellants.

St. Louis Court of Appeals, April 2, 1907.

1. **PRACTICE: Instruction: Failure to Instruct.** Where the plaintiff asked no instruction and the court granted none on his behalf, the defendant could not complain of such failure to instruct since he was free to ask what instruction he pleased.

2. **RAILROADS: Killing Stock: Complaint.** In an action against a railroad company for killing the plaintiff's hog, where the complaint alleged that the hog entered on the track by reason of failure of the defendant "to erect and maintain good and lawful fences along the sides of its said railroad and to construct sufficient cattle guards," the allegations were sufficient.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*L. F. Parker* and *Moses Whybark* for appellants.

In a case of this nature it has been held that the court should instruct the jury, and not leave them to grope their way unaided through the testimony in order to determine what they should take into consideration in making up their verdict. Rains v. Railroad, 71 Mo. 169. But in the case at bar the plaintiff refused to offer any instructions on a penal statute, which, in its nature, is criminal, and the court sustained him in that conduct; and then the court refused to instruct the jury, although requested to do so by the defendant. This, we submit, is not the law. Bindbeutel v. Railroad, 43 Mo. App. 463; Mitchell v. Bradstreet Co., 116 Mo. 226; Coleman v. Drane, 116 Mo. 387; Nolan v. Johns, 126 Mo. 159; Browning v. Railroad, 124 Mo. 55; Boettger v. Iron Co., 124 Mo. 87; Tetherow v. Railroad, 98 Mo. 74.

*J. V. Conran* for respondent.

GOODE, J.—Plaintiff had a verdict for seven dollars, the value of a hog killed by one of defendant's locomotives, on which verdict the court entered judgment for fourteen dollars, or double damages. The plaintiff requested no instructions and the court gave none for plaintiff. It granted the requests of defendants for instructions, except that one was refused, telling the jury to return a verdict in defendants' favor. Error is assigned because plaintiff declined to tender any instructions or the court to require him to do so. No doubt it is better to instruct the jury in such cases; but defendants were free to ask what instructions they pleased, and presumably did so. They were not entitled to an order for a verdict, the only charge requested which the court refused. The main contention is that the jury were left uninformed as to what would constitute a lawful fence. It suffices to say on this point that the undisputed evidence shows the fence along the right of

way where the hog was killed was not a lawful fence, or sufficient to keep hogs off the right of way.

It is objected that the petition fails to state a cause of action in that it alleged the hog entered on the track by reason of the failure and neglect of defendants "to erect and maintain good and lawful fences along the sides of its said road and construct sufficient cattle-guards." The point made against the petition is that it merely alleged a failure to erect and maintain lawful fences, which is a legal conclusion; whereas it ought to have stated in what particular the fence was unlawful. The allegation of the petition was in the usual form.

There is no merit in the appeal and the judgment is affirmed. All concur.